# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARGARET WILLIAMS** | : | **CIVIL ACTION** |
| v. | : | |
| **U.S. AIRWAYS, INC.** | : | **NO. 10-0399** |

## MEMORANDUM OPINION

Savage, J.                                                                                                                                            November 18, 2010

Plaintiff Margaret Williams brought a personal injury claim against defendant US Airways, Inc., alleging that it negligently operated an aircraft on the tarmac at Philadelphia International Airport. Williams, an employee of a company that cleans aircraft at the Philadelphia International Airport, was injured when she was crossing the tarmac between two terminals to clean an aircraft. To avoid an aircraft sitting on the tarmac, Williams walked along the wall several gates from the rear of the plane before crossing the tarmac toward the other terminal. At the mid-point, she was thrown to the ground by the thrust of the aircraft's exhaust.

Moving for summary judgment, US Airways contends that Williams has failed to show that it violated "any identifiable federal duty of care" and has instead alleged only a "generic negligence claim." According to US Airways, because her negligence claim arising out of the operation of an aircraft is preempted by federal law, Williams must plead and prove a breach of a federal duty of care. Additionally, it argues that the deficiency of her complaint aside, Williams still has failed to identify any facts suggesting US Airways acted negligently in any way. Thus, it contends she cannot establish an essential element

of her negligence claim.

Williams agrees that federal law supplies the standard of care for her negligence claim. She argues that US Airways's negligent conduct violated 14 C.F.R. § 91.13(b), a regulation that establishes the applicable standard. She concedes that she may be comparatively negligent for misjudging the safest distance from the operating aircraft, but whether she was negligent is a factual issue inappropriate for disposition on summary judgment.

We conclude that contrary to US Airways's argument, there is no requirement that a plaintiff in an aviation negligence action must plead a specific statute or regulation defining the applicable standard of care in her complaint. Nevertheless, in this case, after drawing all reasonable inferences in Williams's favor, we find that there is no evidence from which a rational jury could find that US Airways was negligent. Therefore, US Airways is entitled to summary judgment.

**Legal Standard**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In examining the motion, we must draw all reasonable inferences in the nonmovant's favor. *InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003).

The initial burden of demonstrating there are no genuine issues of material fact falls

on the moving party. Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the nonmoving party must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which she bears the burden of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Bare assertions, conclusory allegations or suspicions are not sufficient to defeat summary judgment. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotations omitted).

**Discussion**

US Airways first argues that Williams failed to allege the proper standard of care in her complaint. In other words, it contends that Williams has not made out a claim because she has not alleged a breach of a federally defined standard of care, nor can any applicable federal standard be divined from her complaint. It claims the complaint merely lists a string of "generic acts or omissions." According to US Airways, these general allegations fail to establish any duty owed to her by US Airways.

We reject this contention for two reasons. First, there is no requirement that a plaintiff must plead a specific federal regulation or statute supplying the standard of care in an aviation negligence action. Second, Williams has sufficiently alleged in her complaint the applicable duty and identified the conduct she claims breached that duty.

The Federal Aviation Act ("Aviation Act"), 49 U.S.C. § 40101 *et seq.*, and its implementing regulations preempt state tort law in the field of aviation safety. *Abdullah v.*

3

*American Airlines, Inc.*, 181 F.3d 363, 367-68 (3d Cir. 1999). What is covered by the field of "aviation safety" extends beyond in-flight situations. The Federal Aviation Administration ("FAA") promulgated Regulation 91.13 to define the general parameters of an airline's duty. 14 C.F.R. § 91.13. The regulation applies to both in-flight operations, § 91.13(a); and ground operations, § 91.13(b).[1] It establishes an airline's general duty of care, in the absence of a specific regulation covering a particular situation, as one of carelessness and recklessness.

It is § 91.13(b) that governs this case. The FAA has defined operation of an aircraft "other than for the purpose of air navigation," as used in § 91.13(b), to include "those acts which impart some physical movement to the aircraft, or involve the manipulation of the controls of an aircraft such as starting or running an aircraft engine." *Careless or Reckless Ground Operation of Aircraft*, 32 Fed. Reg. 9640, 9640-41 (July 4, 1967).

There is no dispute that the US Airways aircraft emitted a jet blast while Williams was on the tarmac. The engine either had been running or was started as Williams walked behind the aircraft. Without question, a jet blast may endanger life or property. Therefore, § 91.13(b) applies.

At the outset, we dispel the notion that a plaintiff in an aviation personal injury action must cite a specific federal statute or regulation identifying the standard of care in the

---

[1] 14 C.F.R. § 91.13 Careless or reckless operation.

(a) Aircraft operations for the purpose of air navigation. No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.

(b) Aircraft operations other than for the purpose of air navigation. No person may operate an aircraft, other than for the purpose of air navigation, on any part of the surface of an airport used by aircraft for air commerce (including areas used by those aircraft for receiving or discharging persons or cargo), in a careless or reckless manner so as to endanger the life or property of another.

complaint. We do not read *Abdullah* as imposing such a requirement. The *Abdullah* court makes clear that it is the court, not a party, that articulates the applicable standard of care.

Some courts have taken language from *Abdullah* to impose a pleading requirement that is neither supported by *Abdullah* nor pleading principles. The language relied upon by those courts is: "in determining the standards of care in an aviation negligence action, a court must refer not only to specific regulations but also to the overall concept that aircraft may not be operated in a careless or reckless manner." *Abdullah*, 181 F.3d at 371. Citing this language, these courts have dismissed aviation negligence claims where the complaint failed to specifically identify the relevant provision of the FAA. *See Bomanski v. US Airways Group, Inc.*, 620 F. Supp. 2d 725, 730-31 (E.D. Pa. 2009) (finding "passing reference" to "reckless and careless" conduct of defendant insufficient to establish violation of federal standard)*; Landis v. US Airways, Inc.*, No. 07-1216, 2008 WL 728369, at *3 (W.D. Pa. March 18, 2008) (citing *Abdullah* and dismissing claim where plaintiff "failed to set forth the specific regulation and, thus, the applicable federal standard of care").

*Abdullah* does not require that a plaintiff specifically identify and cite the relevant federal aviation safety standard in the complaint. Indeed, *Abdullah* does not discuss a plaintiff's pleading requirements. The Aviation Act preempts only claims based on state law standards. *Abdullah*, 181 F.3d at 365. It merely reiterates that the FAA supplies the pertinent standard of care for aviation safety. The Third Circuit teaches that "[t]he applicable standard of care is not limited to a particular regulation of a specific area; it expands to encompass the issue of whether the overall operation or conduct in question was careless or reckless." *Id*. at 371. It explains that Congress intended to regulate aviation safety broadly and generally, rather than through specific targeted regulations, and

5

expresses the standard courts must apply in general negligence actions involving aviation. *Id*. In other words, *Abdullah* defines the general standard of care as careless or reckless. It does not establish a pleading rule.

Nor did *Twombly* and *Iqbal* replace notice pleading with fact pleading. Those two cases made clear that the plaintiff need only plead enough facts to put the defendant on notice of what the claim is and to state a plausible cause of action. *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 566 (2007) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")). They do not impose a requirement that a plaintiff plead with particularity.

It is not necessary to specifically plead § 91.13(b) in the complaint. It is sufficient for a complainant to allege that the defendant's conduct was "careless or reckless." Williams did just that when she alleged in her complaint that US Airways was negligent and careless. Her allegation put US Airways on notice of what her claim was and what duty she alleges US Airways breached. In her complaint, Williams clearly asserts a claim for negligence. She alleges the essential elements of the claim: a duty, breach of the duty, and injury caused by the breach. The scope and extent of the duty is defined by the court. The jury determines, on the basis of the facts it finds, whether US Airways breached that duty.

In any event, in this case, there is no conflict between federal and state law. Where the standard of care is the same under federal and state law, it is not necessary to plead or prove a specific federal statute or regulation forming the basis for the action. Had

Williams alleged a higher duty of care under Pennsylvania law, such as the duty owed a passenger by a carrier for hire, her claim would be preempted by the federal "careless or reckless" standard. At oral argument, US Airways agreed there is no difference between carelessness and negligence. Thus, facts supporting a claim of simple negligence under Pennsylvania law may, as a matter of law, support a claim under § 91.13.

Nevertheless, though she adequately pleaded a cognizable cause of action, Williams has failed to offer any evidence that US Airways was careless in any way. The question is whether there exists in the record any triable issues of fact tending to prove that US Airways acted in a careless manner at the time of the incident. Williams offers no evidence from which a reasonable jury could find that US Airways was negligent or careless. Instead, she relies on the fact of an accident having occurred as evidence that US Airways acted carelessly or recklessly.

**Conclusion**

Even after drawing all reasonable inferences in her favor, Williams has failed to provide any evidence that US Airways was negligent or careless at the time of the incident. Therefore, US Airways is entitled to judgment as a matter of law and summary judgment will be granted.